UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODOU CAMARA,<br><br>       Petitioner,<br><br>v.<br><br>MARK BOWEN et al.,<br><br>       Defendants. | Case No. 2:25-cv-10842-SB-AGR<br><br>ORDER DENYING IN PART REQUEST FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 3] |

       Petitioner Modou Camara is a Gambian national subject to a final removal order.  On August 20, 2025, he was detained by ICE and has remained in detention ever since.  On November 12, he filed a petition for a writ of habeas corpus, arguing that (1) his detention violated 8 U.S.C. § 1231(a)(6) because his removal was not reasonably foreseeable; (2) the government violated 8 C.F.R. § 241.4 by failing to provide him a bond hearing or neutral determination of the necessity of his detention; and (3) his detention is arbitrary and capricious under the Administrative Procedure Act (APA).  The petition requests that he be notified of the reasons for his detention, provided with an interview, and released absent an individualized determination that his detention is justified.  On November 19, he filed a motion for a temporary restraining order (TRO), reiterating the arguments in his petition that his detention is unlawful and asking the Court to enjoin his removal until his habeas petition and Board of Immigration appeal have been adjudicated.

       Petitioner has not shown that this Court has jurisdiction to stay Petitioner's removal while his habeas petition and BIA appeal are adjudicated.  *See* 8 U.S.C. § 1252(g) (stripping courts of jurisdiction to hear claims "arising from the decision or action by the Attorney General to . . . execute removal orders against any alien"); *Rauda v. Jennings*, 55 F.4th 773 (9th Cir. 2022) (affirming district court denial of TRO seeking stay of removal until habeas petition and BIA appeal were adjudicated because, per § 1252(g), the district court lacked jurisdiction to stay

1

removal); *see also McSweeney v. Warden of Otay Mesa Det. Facility*, No. 3:25-CV-02488, 2025 WL 2998376 (S.D. Cal. Oct. 24, 2025) (concluding that § 1252(g) precluded jurisdiction as to petitioner's claim seeking a stay of removal while his motion to reopen his immigration case was adjudicated). The emergency request for an injunction preventing the government from executing his removal is therefore denied.

Because it is unclear whether the remainder of his TRO application has been rendered moot by Petitioner's removal, the government is ordered to file a response, no later than 3:00 p.m., November 21, 2025, addressing the status of Petitioner's detention. In the event that Petitioner has not been removed by November 21, as previously scheduled, the government should be prepared to file a response to Petitioner's TRO application by the 48-hour deadline set out in this Court's standing order.[1]

Date: November 21, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] The Court's standing order can be found on Judge Blumenfeld's website: https://apps.cacd.uscourts.gov/Jps/honorable-stanley-blumenfeld-jr.